# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANDREA PANEK WARD, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **Civil Action No.:** |
| | ) |
| LUSTIG, GLASER & WILSON, P.C., | ) **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendant | ) |
| | ) **(Unlawful Debt Collection Practices)** |

## COMPLAINT

ANDREA PANEK WARD ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against LUSTIG, GLASER & WILSON, P.C. ("Defendant"):

### INTRODUCTION

1.  Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2.  Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.  Defendant conducts business in the Commonwealth of Massachusetts and therefore, personal jurisdiction is established.

4.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

PLAINTIFF'S COMPLAINT

5.     Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6.     Plaintiff is a natural person residing in Auburn, Massachusetts.

7.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8.     Defendant is a debt collector with an office located at 140 Kendrick Street, Building C, 3rd Floor, Needham, Massachusetts, 02492.

9.     Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

10.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11.     At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

12.     The alleged debt at issue arose out of transactions which were primarily for personal, family, or household purposes.

13.     On or about January 25, 2010, Defendant, on behalf of Portfolio Recovery Associates, LLC, assignee of Providian Bank, filed a Civil Complaint in the Worcester District Court seeking a judgment against Plaintiff for an alleged debt in the amount of $4,235.67. See Exhibit A, Civil Complaint.

14.     Defendant, however, failed to attach a copy of the credit card agreement, necessary to establish the debt buyer's right to judgment.

15.   Additionally, Defendant did not attach any documentation detailing the purchases, payments, interest, and late charges, if any; thereby making it impossible for Plaintiff to determine whether or not she owes the alleged debt and whether the alleged debt was correctly calculated.

16.   Instead, the only information in the complaint about the alleged debt was a statement by Defendant that Plaintiff owed "the sum of $4235.67 for the unpaid balance due for money loaned to" her by Defendant's "assignor on a Credit Card Account." See Exhibit A, Civil Complaint.

17.   Defendant failed to obtain and/or review the documentation substantiating the debt buyer's right to judgment prior to filing the civil complaint against Plaintiff.

18.   Defendant caused the Complaint to be served on Plaintiff on or about March 17, 2010. See Exhibit A, Civil Complaint.

19.   Then, on March 24, 2010, Defendant filed an Amendment to the Complaint to properly state Plaintiff's current residence. See Exhibit B, Amendment to Complaint.

20.   Before Plaintiff could even respond to the Complaint, on or about March 25, 2010, Defendant sent correspondence seeking and demanding payment of the alleged debt. See Exhibit C, Defendant's March 25, 2010, Correspondence.

21.   In its correspondence to Plaintiff, Defendant identified itself as debt collector. See Exhibit C, Defendant's March 25, 2010, Correspondence.

22.   In its correspondence, Defendant failed to provide Plaintiff with the name of the original creditor. See Exhibit C, Defendant's March 25, 2010, Correspondence.

PLAINTIFF'S COMPLAINT

23.    Moreover, Defendant failed to advise Plaintiff of her right to dispute the debt or to request verification of the debt; instead, Defendant gave Plaintiff two options: (1) pay the alleged debt or (2) face continued legal action.  See Exhibit C, Defendant's March 25, 2010, Correspondence.

24.    Unaware of her right to dispute the debt, on March 31, 2010, Plaintiff, unrepresented and unfamiliar with Massachusetts Rules of Civil Procedure, indicated that she would be representing herself and filed a response requesting "discovery" of the allegations contained in the Complaint filed by Defendant.  See Exhibit D, Plaintiff's March 31, 2010, Answer.

25.    Upon seeing that Plaintiff was unrepresented, Defendant seized this opportunity to overwhelm Plaintiff with a mountain of discovery, that had no other purpose but to mislead, confuse, harass and deceive her.

26.    On or about April 2, 2010, Defendant served Plaintiff with Request for Admissions, Interrogatories, and Requests for Document Production.  See Exhibit E, Defendant's Request for Admissions; Exhibit F, Defendant's Interrogatories; and Exhibit G, Defendant's Request for Production of Documents.

27.    Defendant is intimately familiar with the business of its client, Portfolio Recovery Associates, LLC.

28.    Defendant knew for a fact that Portfolio Recovery Associates, LLC is a debt collection company.

29.    Defendant knew for a fact that Portfolio Recovery Associates, LLC does not issue credit cards to individuals.

30.    Despite knowing this, in the Request for Admissions propounded on Plaintiff, Defendant deceptively sought to have Plaintiff admit, "You applied to

Portfolio Recovery Associates, LLC for a Credit Card," "You received a Credit Card from Portfolio Recovery Associates, LLC," and "Credit Card account numbered 4479480300571005 was issued to you by Portfolio Recovery Associates, LLC." See Exhibit E, Defendant's Request for Admissions.

31.   Defendant's Requests for Admissions had no other purpose but to mislead, confuse, harass, trick and deceive Plaintiff into admitting to incorrect facts, since Portfolio Recovery Associates had never issued a credit card to Plaintiff.

32.   Despite knowing for a fact that Portfolio Recovery Associates, LLC is a debt collection company and that it does not issue credit cards to individuals, in the Interrogatories propounded on Plaintiff, Defendant deceptively asked Plaintiff to "please state whether you maintain a credit card account with Portfolio Recovery Associates, LLC," "please state whether you received the Portfolio Recovery Associates, LLC credit card, account number 4479480300571005," "was the application for the Portfolio Recovery Associates, LLC credit card, account 4479480300571005, made over the telephone or through the use of the Internet." See Exhibit F, Defendant's Interrogatories.

33.   Defendant's Interrogatories had no other purpose but to mislead, confuse, harass, trick and deceive Plaintiff into admitting to incorrect facts, since Portfolio Recovery Associates had never issued a credit card to Plaintiff.

34.   Despite knowing for a fact that Portfolio Recovery Associates, LLC is a debt collection company and that it does not issue credit cards to individuals, in the Request for Documents propounded on Plaintiff, Defendant asked Plaintiff for "copies of any and all payments made on the Defendant's Portfolio Recovery Associates, LLC card…" and "copies of any and all agreements regarding the

Defendant's Portfolio Recovery Associates, LLC credit card...." See Exhibit G, Defendant's Request for Production of Documents.

35.    Defendant's Request for Production of Documents had no other purpose but to mislead, confuse, harass, trick and deceive Plaintiff, since Portfolio Recovery Associates had never issued a credit card to Plaintiff.

36.    Upon information and belief, Plaintiff contends that the alleged debt Defendant seeks to collect is on an account that has been in default for more than six (6) years, and under Massachusetts Law, collection of such a debt is time-barred by the six-year statute of limitations. See Mass. Gen. Laws Ch. 260, § 2.

37.    Notwithstanding the fact that Defendant did not have any documentation supporting the debt buyer's right to judgment, Defendant caused a civil complaint to be filed against Plaintiff and continues to attempt to collect this debt from Plaintiff.

38.    Clearly, Defendant sought to collect a debt from Plaintiff that it had no knowledge of its validity.

## CONSTRUCTION OF APPLICABLE LAW

39.    The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

40.   The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. <u>Sprinkle v. SB&C Ltd.</u>, 472 F. Supp. 2d 1235 (W.D. Wash. 2006).   The remedial nature of the FDCPA requires that courts interpret it liberally. <u>Clark v. Capital Credit & Collection Services, Inc.</u>, 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." <u>Johnson v. Riddle</u>, 305 F. 3d 1107 (10th Cir. 2002).

41.   The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. <u>See Jeter v. Credit Bureau, Inc.</u>, 760 F.2d 1168 (11th Cir. 1985); <u>Graziano v. Harrison</u>, 950 F. 2d 107 (3rd Cir. 1991); <u>Swanson v. Southern Oregon Credit Service, Inc.</u>, 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." <u>Id.</u>   The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. <u>Clomon</u>, 988 F. 2d at 1318.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

42.   In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

a. Harassing, oppressing or abusing Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

b. Using false, deceptive or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

c. Falsely representing the character, amount, or legal status of any debt, in violation of 15 U.S.C. § 1692e(2);

d. Using false representations or deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692e(10);

e. Using unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. §1692f.

f. Collecting an amount not expressly authorized by an agreement creating the debt, in violation of 15 U.S.C. § 1692f(1);

g. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

WHEREFORE, Plaintiff, ANDREA PANEK WARD, respectfully prays for a judgment as follows:

a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for each violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- 8 -

c.   All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d.   Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ANDREA PANEK WARD, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: April 16, 2010                    KIMMEL & SILVERMAN, P.C..

By: /s/ Craig Thor Kimmel
    Craig Thor Kimmel
    Attorney ID # 57100
    Kimmel & Silverman, P.C.
    30 E. Butler Pike
    Ambler, PA 19002
    Phone: (215) 540-8888
    Fax: (215) 540-8817
    Email: kimmel@creditlaw.com

PLAINTIFF'S COMPLAINT